UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-72-PPS |
| | ) | |
| MARQUIS MEDELLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Medellin filed a Motion for Reconsideration of my opinion and order dated May

27, 2020 [DE 2635], denying his 18 U.S.C. Section 3582(c)(a)(A)(i) motion for

compassionate release. [DE 2667.] The Government filed a response in opposition on

July 15, 2020.  For the reasons articulated below, the motion to reconsider is denied.

On May 27, 2020, I issued a comprehensive order in this case, analyzing the

combination of Medellin's circumstances, and finding he did not show extraordinary

and compelling reasons warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

[DE 2635.]  In his original motion, Medellin argued in light of the COVID-19 pandemic,

his hypertension, obesity, family situation, and successful completion of certain

programs in prison, justified his release from FCI Fairton.

As articulated in my order, I considered the serious nature of Medellin's long

time involvement with the Latin Kings street gang, his rise to the position of Inca, the

section 3553(a) factors, and the fact that with a projected release date of January 2023,

Medellin has only served a little more than half of his time in custody.  I also reviewed

Medellin's health, including that he is 33 years old, suffers from hypertension (which is

well-controlled with medication) and suffers from obesity.  The CDC's guidelines have

continued to morph over time.  People with obesity, like Medellin, are at increased risk

of severe illness from COVID-19, and people with hypertension might be at an

increased risk.  Https://cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html. (Last viewed July 16, 2020.)  I also

addressed Medellin's arguments about his family, including his 16-year old half-sister,

who has health issues and whose guardian died.  Finally, I looked at Medellin's

commendable behavior in prison.  I found all of these, even taken together, still did not

justify compassionate release.  At the end of the order, I acknowledged that issues

surrounding COVID-19 are changing all the time and developing almost every day.  I

told Medellin that if factual developments warrant a reconsideration, he is free to

exhaust his administrative remedies again, and file a new motion under § 3582(c)(1)(A).

Medellin did not follow this route.  Instead, he has moved to reconsider the

denial of his compassionate release motion.  His only new argument is that there are

now over 100 new inmate cases and 4 new staff member cases of COVID-19 at FCI

Fairton. [DE 2667 at 2.] When I considered his earlier motion, only 1 staff member had

tested positive for COVID-19 and no inmates. [DE 2599 at 19.]   While the numbers are

certainly higher now than they were in May, the government indicates in its response

that FCI Fairton seems to have stabilized since the filing of Medellin's motion for

reconsideration. [DE 2677 at 3.] As of the government's filing on July 15, 2020, there are

96 confirmed active cases of COVID-19 among inmates, and none among the staff. [*Id.*]

FCI Fairton continues to have modified operations and has implemented many

measures to lessen the spread of COVID-19. [*Id.* at 4.]

   According to Medellin's recent medical documents from FCI Fairton, his health

conditions have not changed since I denied his motion. [DE 2677-1.]  He has had

numerous routine COVID-19 screenings, denied symptoms at each of them, and tested

negative for COVID-19 as recently as July 2, 2020. [*Id.* at 6-7, 19.]  Additionally, his

hypertension is documented as "well-controlled" as of May 14, 2020, and there is

nothing else in the updated medical records to show any change. [*Id.* at 4.]

   While I continue to be sympathetic to Medellin's concern over his well-being, the

fact that there are some additional COVID-19 positive cases in his institution does not

tip the scales enough to warrant compassionate release.  *See United States v. Jones*, No.

2:18-CR-137, 2020 WL 3969912 (N.D. Ind. July 14, 2020) (denying motion for

compassionate release from prisoner at FCI Elkton, which is even harder hit than FCI

Fairton, in part due to the severity of his crime and length of sentence remaining);

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113 (N.D. Ind. June 17, 2020)

(denying motion for compassionate release from co-defendant who also suffers from

obesity and is at FCI Elkton because of the expansive and serious nature of Pena's

offense and the large part of his sentence still left to serve); *see also United States v.*

*Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) (denying motion

for compassionate release, recognizing "the COVID-19 pandemic does not warrant the

release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Nothing about Medellin's health or risk of contracting COVID-19 would cause me to change the balancing of the section 3553(a) factors. Medellin still committed very serious crimes, and I consider him a likely danger to society. Moreover, Medellin still has approximately 2 ½ years to serve on his sentence, and I don't think the factors of punishment, deterrence, and promotion or respect for the law warrant release in this case. For all of these reasons, Medellin still has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

ACCORDINGLY, the Motion for Reconsideration [DE 2667] is DENIED.

SO ORDERED.

ENTERED: July 20, 2020.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4